FILED

FEB 04 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NISSAN MOTOR ACCEPTANCE
CORPORATION,

        Plaintiff,

                              CV 10-318-PK

                              OPINION AND
v.                              ORDER

JOR KORUSH KHORASANI,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Nissan Motor Acceptance Corporation ("NMAC") filed this action against defendant Jor Korush Khorasani on March 23, 2010, alleging Khorasani's liability for breach of contract. This court has jurisdiction over NMAC's action pursuant to 28 U.S.C. § 1332(a), based on the diversity of the parties and the amount in controversy.

        Now before the court is NMAC's motion (#13) for summary judgment. I have considered the motion and all of the pleadings on file. For the reasons set forth below, NMAC's motion is granted.

Page 1 - OPINION AND ORDER

## LEGAL STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## FACTS

Plaintiff NMAC is a California corporation with its principal place of business in Texas. Khorasani is a resident and domiciliary of Oregon. On July 18, 2008, NMAC and Khorasani entered into a Borrower Capital Loan and Security Agreement (the "Contract") pursuant to which Khorasani agreed to repay to NMAC the principal amount of $3,051,648.80 plus interest – which Khorasani owed to NMAC independently of the Contract, in connection with two loans made by NMAC to two car dealerships and an obligation arising in connection with vehicle inventory sold by the dealerships, as to which Khorasani was the guarantor – by making monthly payments in an amount calculated to equal the monthly payments of principal and interest that would be required to repay the amount if the repayment obligation were amortized over a five-year period on the

fifteenth day of each month from August 15, 2008, through July 15, 2009, whereupon all remaining principal, accrued interest, and specified fees and costs would become immediately due and payable. On March 31, 2009, the parties modified their Contract by entering into a side agreement whereby Khorasani agreed to deed a parcel of real property to NMAC, subject to an encumbrance, in exchange for a $500,000 credit against the principal owing to NMAC under the Contract. On July 15, 2009, the unpaid balance of the repayment obligation under the Contract was apparently in excess of $2.4 million. Under the terms of the Contract, that amount became immediately due and payable effective July 15, 2009. Khorasani did not tender that amount to NMAC. In consequence, pursuant to the parties' agreement, interest continued to accrue on the unpaid balance at an annual rate of 6.25%.

On October 13, 2010, Khorasani, through his counsel, admitted in discovery that as of March 31, 2010, the outstanding principal due and owing under the Contract was $2,414,659.12, and that Khorasani owed that amount to NMAC plus interest to be calculated at the annual rate of 6.25% until the obligation was satisfied.

## ANALYSIS

NMAC filed its motion for summary judgment December 3, 2010. Although it appears that Khorasani declined to stipulate to entry of summary judgment when the parties conferred regarding NMAC's motion, he nevertheless elected to file no opposition to the motion, and disputes none of the material facts NMAC has marshaled in support. In particular, Khorasani concedes that he breached his repayment obligations under the Contract, and concedes that the Contract requires him to pay NMAC the amount of $2,414,659.12 plus 6.25% annual interest from March 31, 2010.

Under Oregon, law, a plaintiff in a breach of contract action "has the burden to establish the existence of a valid contract and the breach thereof." *Pendleton Grain Growers v. Pedro*, 271 Or. 24, 28 (1975). In addition, "[t]he rule in Oregon is that a party seeking to recover damages for an alleged breach of contract must plead and prove either substantial performance on his part or a valid excuse for his own failure to perform." *Aurora Aviation, Inc. v. AAR Western Skyways, Inc.*, 75 Or. App. 598, 602 (1985), *citing Wasserburger v. American Scientific Chemical, Inc.*, 267 Or. 77, 82 (1973). Here, NMAC's evidence establishes that the parties entered into the Contract, and that NMAC performed all of its obligations thereunder. There being no dispute of material fact, NMAC is entitled to entry of summary judgment in its favor on its claim for breach of contract, and is moreover entitled to a money judgment in the principal amount of $2,414,659.12, plus 6.25% annual interest to be calculated from March 31, 2010.

## CONCLUSION

For the reasons set forth above, plaintiff NMAC's motion (#13) for summary judgment is granted, and NMAC is awarded its damages in the principal amount of $2,414,659.12, plus 6.25% annual interest to be calculated from March 31, 2010. A final judgment will be prepared.

Dated this 3rd day of February, 2011.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge